### DWIGHT HINE *vs.* NOBLE W. MUNSON.

The owner of an inclosure may lawfully impound cattle which have broken into it from an adjoining inclosure through the insufficient fence of the owner of the cattle, although his own part of the divisional fence was also insufficient.

REPLEVIN of beasts impounded; avowry that they were taken damage feasant on defendant's land; tried to the jury in the superior court before *Dutton, J.* The court charged the jury, contrary to the claim of the plaintiff, that if they should find that the cattle broke and entered through the plaintiff's insufficient fence, their verdict must be for the defendant, although they should also find that the defendant's portion of the fence was not a sufficient and lawful fence and should not find that the cattle were unruly.　The jury having returned a verdict for the defendant the plaintiff moved for a new trial.

*H. B. Munson* and *Cothren,* in support of the motion, cited *Watson* v. *Watson,* 9 Conn., 144; *Studwell* v. *Ritch,* 14 id., 292, 299; *Wright* v. *Wright,* 21 id., 344; Statutes, ed. 1808, p. 310; Rev. Stat., tit. 15, secs. 1, 5, 7, 8; id. tit. 3, sec. 87.

*Kellogg,* contra, cited 1 Swift Dig., 525; Rev. Stat., tit. 3, secs. 87, 93; id. tit. 15, secs. 1, 2, 11.

---

---

McCURDY, J.  So far as there is any obscurity in the law relative to this case it arises from the fact that the provisions of statutes bearing upon it are not brought together, but are found in separate acts under different heads and in disconnected sections of the same act.

By the common law the owners of cattle are bound to take care of them, and if they enter on the land of another, such owners are liable to make good the damage, whether the land was fenced or not.  But in this state a different rule has been adopted.  1 Swift Dig., 525 ; *Studwell* v. *Ritch*, 14 Conn., 292 ; *Wright* v. *Wright*, 21 id., 344.

By the 87th section of the statute " concerning communities and corporations," in the chapter upon " the internal police of towns," it is enacted that " every person shall have a right to impound horses, cattle, &c., found doing damage on his land enclosed by a sufficient and lawful fence."  This, if it stood alone, would very clearly imply that no right of impounding exists in any case, unless when the impounder's fence is sufficient.  But from other clauses of the statute it is evident that this is only intended as a general rule, subject to many exceptions.  For by the 93d section of the same act it is provided that the owner of land may impound and recover for damages in his enclosure, through the insufficiency of his fence, when the damage is done by swine, horses, or other creatures that go at large on the commons contrary to law, or by unruly cattle that will not be restrained by ordinary fences, or when the owner of the cattle shall put his cattle into, or voluntarily trespass on his neighbor's enclosure, or where it shall appear that although part of the fence is deficient the cattle broke and entered through a sufficient fence.

And by another statute on the subject of " fences and common fields," section 11, it is enacted that " all damage done either in particular enclosures or common fields, by cattle, &c., when the fence is sufficient, shall be paid by the owners of them ; *but if the fence is defective then by the owners of the fence.*"  This provision was originally contained only in the statute concerning common fields, but in the edition of 1849 it is made general and applicable to particular enclosures.  It

seems to be perfectly explicit, and was probably intended to make the direct terms of the statute correspond with what had always been understood to be the law of the state.

Judge Swift, in his " System " published in 1796, Vol. 2, page 90, says :—" If the beasts of the adjoining proprietor enter upon my land by the insufficiency of his fence, then they are liable to be impounded, in the same manner as if they broke through my sufficient fence." This is repeated in his Digest published in 1822, and in the same very valuable work as revised by Judge Dutton in 1,849. The principle is obviously just.

An exception was taken in the argument of counsel to the form of the avowry, but no question is presented on the motion except in relation to the charge.

We do not advise a new trial.

In this opinion the other judges concurred; except Dutton, J., who having tried the case in the court below did not sit.